IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3:07-CR-313-MHT |
| | ) | |
| PIERRE MARCELLO GUNNINGS | ) | |

**<u>ORDER OF REVOCATION AND DETENTION</u>**

After due consideration of the testimony and arguments presented at the bond revocation hearing conducted on March 18, 2008, the court finds, pursuant to 18 U.S.C. § 3148(b), there is clear and convincing evidence the defendant possessed a firearm, in violation of the conditions set for his pre-trial release.

Hearing testimony showed on March 1, 2008, defendant Gunnings was identified as the person who menaced a Lee County woman with a firearm, and was in fact found in possession of a firearm and ammunition when questioned by Auburn police officers shortly after the report. Defendant Gunnings was arrested in connection with that firearm possession. U.S. Probation Officer Jason Dillon gave uncontradicted testimony that, on or about December 21, 2007, he explained to defendant Gunnings all the terms and conditions of his bond and the Order Setting Conditions of Release. The conditions of release included compliance with federal, state, and local laws, non-possession of any firearm, and an obligation to report any contact with law enforcement as soon as possible. *See* Doc. #6. Officer Dillon also informed the Court defendant Gunnings only reported the fact of his arrest for unlicensed firearm possession on March 13, 2008, when Officer Dillon contacted defendant to confirm the information received from the State of Alabama probation officer assigned to monitor Gunnings.

The court further finds that, pursuant to 18 U.S.C. § 3148(b)(1)(B) and (b)(2)(A), based on

the factors set forth in 18 U.S.C. 3142(g), there is clear and convincing evidence defendant Gunnings violated the conditions of his release, and there is no condition or combination of conditions of release that will assure that the defendant will not flee or pose a danger to the community. The Court cannot envision any measures, short of detention, that will ensure the safety of the community. Accordingly, it is, for good cause,

**ORDERED** that the *Petition* to revoke pre-trial release (Doc. # 11) is hereby GRANTED and the pretrial ORDER of setting conditions of pre-trial release entered for the Defendant on December 21, 2007 (Doc. #6) is hereby REVOKED, and for further good cause, the Defendant is REMANDED to the custody of the United States Marshal for detention pending further proceedings.

DONE this 18th day of March, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE