IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:07cr313-MHT |
| | ) | |
| PIERRE MARCELLO GUNNINGS | ) | |

GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

     Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully requests that the following Jury Instructions be given to the jury in the above case. All of the instructions are 11th Circuit Pattern Instructions.

     Respectfully submitted this the 5th day of May, 2008.

                                                                   LEURA G. CANARY
                                                                UNITED STATES ATTORNEY

                                                                /s/ Kent B. Brunson
                                                                KENT B. BRUNSON
                                                                Assistant United States Attorney
                                                               131 Clayton Street
                                                                Montgomery, Alabama 36104
                                                                Telephone: (334) 223-7280
                                                                Fax: (334) 223-7135
                                                                E-mail: kent.brunson@usdoj.gov

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 1

3

<u>Definition of Reasonable Doubt</u>

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 2

4.2

Evidence - Direct and Circumstantial
Argument of Counsel and
<u>Comment of Court</u>

As stated earlier you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the Defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 3

5

<u>Credibility of Witnesses</u>

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 4

7

<u>Expert Witnesses</u>

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field - - one who is called an expert witness - - is permitted to state his or her opinion concerning those technical matters.

Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 5

9.1

<u>On or About - - Knowingly - - Willfully</u>

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 6

10.1

Caution - - Punishment

(<u>Single Defendant</u>)

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for the specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge to determine.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 7

22

<u>False Statement to Firearms Dealer</u>

Title 18, United States Code, Section 922(a)(6), makes it a Federal crime or offense for anyone in the process of buying a firearm, to make a false statement to a licensed firearms dealer.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

| | |
|---|---|
| First: | That the Defendant acquired or attempted to acquire a firearm from a Federally licensed firearms dealer, as charged; |
| Second: | That in so doing the Defendant knowingly made a false or fictitious statement, orally or in writing, likely to deceive; and |
| Third: | That the subject matter of the false statement was material to the lawfulness of the sale. |

The term "firearm" means any weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive; and the term includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer.

A statement is "false or fictitious" if it was untrue when made and was then known to be untrue by the person making it.

A false statement is "likely to deceive" if the nature of the statement, considering all of the surrounding circumstances at the time it is made, would probably mislead or deceive a reasonable person of ordinary prudence.

The "materiality" of the alleged false statement is not a matter with which you are concerned, but rather is a question for the court to decide. You are instructed that the alleged false statement described in the indictment, if proved, did relate to a material fact.

18 USC §922(a)(6) provides:
"(a) It shall be unlawful-(6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer . . . manufacturer. . . dealer. . . or . . . collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition. . ."

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 8

<u>18 USC § 924(a)(1)(A)</u>

Title 18, United States Code, Section 924(a)(1)(A) makes it a Federal crime or offense for anyone to knowingly make any false statement or representation with respect to the information required to be kept in the records of a person licensed to sell firearms.

The defendant can be found guilty of this offense only if all the following facts are proved beyond a reasonable doubt:

1. The defendant knowingly made a false statement or representation;

2. The defendant made the statement or representation to a licensed dealer, importer, manufacturer or collector of firearms within the meaning of Chapter 44, Title 18, United States Code;

3. The statement pertained to information that the law requires the licensed dealer, importer, manufacturer or collector to keep.

The term "indictment" includes an indictment or information in any court under which a crime punishable by imprisonment for a term exceeding one year may be prosecuted.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:07cr313-MHT |
| | ) | |
| PIERRE MARCELLO GUNNINGS | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to: Donnie W. Bethel, Esq.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Kent B. Brunson
KENT B. BRUNSON
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: kent.brunson@usdoj.gov