IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 3:07cr313-MHT |
| PIERRE MARCELLO GUNNINGS | ) | |

COURT'S INSTRUCTIONS
TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions--what we call your deliberations.

It will be your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crime charged in the indictment.  You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by public opinion or by either

sympathy or prejudice for or against the defendant or the government.  Both the defendant and the government expect a fair trial at your hands and that you will carefully and impartially consider this case, without prejudice or sympathy.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the court's instructions on the law.

I.

The indictment or formal charge against any defendant is not evidence of guilt. Indeed, every defendant is presumed by the law to be innocent.  The law does not require a defendant to prove innocence or to produce any evidence at all; and if a defendant elects not to testify, you should not consider that in any way during your deliberations.  The government has the burden of

proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that defendant not guilty.

While the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As stated earlier, you must consider only the evidence that I have admitted in the case. The term

"evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that the opening statements and closing statements are not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What is said during the opening statements and closing statements is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decisions concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not necessarily be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts

and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not necessarily controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and

ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory

or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

You have heard the testimony of several law enforcement officials. The fact that a witness may be employed by the government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for the defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all of the evidence, whether to accept the testimony of the law enforcement witnesses and to give to that testimony whatever weight, if any, you find it deserves.

When the government offers testimony or evidence that a defendant made a statement or admission to someone, the jury should consider the evidence concerning such a statement with caution and great care. It is for you to decide (1) whether the defendant made the statement and (2), if so, how much weight to give to it. In making these decisions you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

## II.

The defendant in this case is Pierre Marcello Gunnings. The defendant is charged in a two-count indictment. I will now read Count I of the indictment to you:

> "<u>COUNT 1</u>
>
> "On or about December 16, 2006, in Lee County, within the Middle District of Alabama,
>     PIERRE MARCELLO GUNNINGS,
> defendant herein, in connection with the attempted acquisition of a firearm, a

>better description of which is otherwise unknown to the grand jury, from Pawn Central Incorporated, a licensed dealer of firearms, did knowingly make a false and fictitious written statement to Pawn Central Incorporated, which statement was intended and likely to deceive Pawn Central Incorporated, as to a fact material to the lawfulness of such sale and other disposition of the said firearm, in that the defendant represented that he was not under indictment or information in any court for a felony, or any other crime, for which the judge could imprison him for more than one year, even if he received a shorter sentence including probation. In fact, the defendant was indicted under case number 064693 in the Cobb Superior Court of the State of Georgia on September 21, 2006, and arraigned on October 13, 2006. All in violation of Title 18, United States Code, Section 922(a)(6)."

Title 18, United States Code, Section 922(a)(6), makes it a Federal crime or offense for anyone, in the process of buying a firearm, to make a false statement to a licensed firearms dealer. The defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

> First: That the defendant acquired or attempted to acquire a firearm from a Federally licensed firearms dealer, as charged;
>
> Second: That in so doing the defendant knowingly made a false or fictitious statement, in writing, which was intended to and likely to deceive such dealer; and
>
> Third: That the subject matter of the false statement was material to the lawfulness of the sale.

The term "firearm" means any weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive; and the term includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer.

A "federally licensed fire-arm dealer" is one who is authorized or licensed by the federal government to legally sell and purchase firearms.

A statement is "false or fictitious" if it was untrue when made and was then known to be untrue by the person making it.

A false statement is "likely to deceive" if the nature of the statement, considering all of the surrounding circumstances at the time, would probably mislead or deceive a reasonable person of ordinary prudence.

The "materiality" of the alleged false statement is not a matter with which you are concerned, but rather is a question for the Court to decide. You are instructed that the alleged false statement described in the indictment, if proved, did relate to a material fact.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, and not because of mistake or accident.

I will now read Count II of the indictment to you:

"COUNT 2

"On or about December 16, 2006, in Lee County, within the Middle District of Alabama,
     PIERRE MARCELLO GUNNINGS,
defendant herein, knowingly made a false statement and representation to Pawn

11

>Central Incorporated, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Pawn Central Incorporated, in that the defendant responded "no" to the question 11 .b, which asked, "Are you under indictment or information in any court for a felony, or any other crime, for which the judge could imprison you for more than one year, even if you received a shorter sentence including probation?" In fact, the defendant was indicted under case number 064693 in the Cobb Superior Court of the State of Georgia on September 21, 2006, and arraigned on October 13, 2006. All in violation of Title 18, United States Code, Section 924(a)(1)(A)."

Title 18, United States Code, Section 924(a)(1)(A), makes it a Federal crime or offense for any person to make a false statement or representation with respect to information required to be kept in any record a licensed firearms dealer is required by Federal law to keep.

An ATF Form 4473 is a record which a Federally licensed firearms dealer is required by federal law to keep or maintain.

The defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

> First: That the person named as such in the indictment was a Federally licensed firearms dealer at the time the alleged offense occurred;
>
> Second: That the defendant made a false statement or representation in the firearm records the licensed firearms dealer was required by federal law to maintain; and
>
> Third: That the defendant made the false statement or representation with knowledge of the falsity.

An entry in a record is "false" if it was untrue at the time it was made, and was then known to be untrue by the person who made it.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

### III.

You will note that the indictment charges that these offenses were committed "on or about" a certain date. The government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the government proves beyond a reasonably doubt that the offense was committed on a date reasonably near the date alleged.

### IV.

A separate crime is charged in each count of the indictment. Each count and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the defendant is guilty or not guilty. The defendant is on

trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the defendant is to be convicted, the matter of punishment is for the Judge alone to determine.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were

wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the security officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

A verdict form has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then you will return to the courtroom.