# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 3:07-cr-313-MHT |
| ) | |
| PIERRE MARCELLO GUNNINGS ) | |

## MOTION FOR JUDGMENT OF ACQUITTAL

COMES NOW the Defendant, Pierre Marcello Gunnings, by and through undersigned counsel, Danielle Ward Mason, and respectfully moves this Court for a Judgment of Acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure. As grounds for granting this Motion, Mr. Gunnings would show[1]:

1. On May 13, 2008, the jury in Pierre Gunnings' trial found him guilty of counts I and II of the indictment, for violating 18 U.S.C. § 922(a)(6) and 18 U.S.C. § 924(a)(1)(A).

2. As to count I of the indictment, the government had the burden of proving beyond a reasonable doubt that: (1) Mr. Gunnings acquired or attempted to acquire a firearm from a federally licensed firearms dealer, as charged; (2) that in so doing, Mr. Gunnings knowingly made a false or fictitious statement, in writing, which was intended to and likely to deceive such dealer; and (3) that the subject matter of the false statement was material to the lawfulness of the sale.

3. As to count II of the indictment, the government had the burden of proving beyond a reasonable doubt that (1) the person named as such in the indictment was a federally licensed firearms dealer at the time the alleged offense occurred; (2) that Mr. Gunnings made a false

---

[1] Defense counsel timely files this pleading pursuant to Fed. R. Crim. P. 29(c)(1). As of this date, the trial transcript has not been completed and is not available for citation. As such, undersigned counsel is using her memory and notes kept from trial to substantiate the allegations. Counsel will amend this motion as necessary once the trial transcript becomes available.

statement or representation in the firearm records the licensed firearms dealer was required by federal law to maintain; and (3) that Mr. Gunnings made the false statement or representation with knowledge of the falsity.

4.  Both of the charged offenses required the government to prove that Mr. Gunnings knowingly made a false statement; however, even when viewing the evidence in the light most favorable to the government, the government did not present sufficient evidence in order to sustain a conviction on both counts.

5.  The government offered the testimony of Mr. Doug Johnson, manager and owner of Pawn Central, Inc. Mr. Johnson admitted during trial that he had no memory of Mr. Gunnings or the transaction, and that he did not personally assist Mr. Gunnings with the attempted sale of a firearm. As such, Mr. Johnson did not establish that Mr. Gunnings knowingly made a false statement.

6.  The government also offered the testimony of Mr. Steve Wingo, the employee who assisted Mr. Gunnings during his transaction. Mr. Wingo did not recall Mr. Gunnings and did not remember the transaction. Instead, Mr. Wingo only testified as to what he typically does during a sale. As a result, the jury is left to infer that Mr. Wingo provided Mr. Gunnings with the form and that Mr. Gunnings filled it out without any direction from Mr. Wingo. However, the credibility of Mr. Wingo's testimony must be viewed in light of the fact that during cross-examination of the ATF agent, Mr. William I. Panoke, it was determined that it is a federal offense for sales associates to assist customers while filling out the form. As such, Mr. Wingo's testimony did not establish beyond a reasonable doubt that Mr. Gunnings knowingly made a false statement.

7.  The government offered Assistant District Attorney Bonnie Darrow from Cobb County Georgia to testify that Mr. Gunnings was under indictment at the time the offense was

committed. During Ms. Darrow's testimony, she made a conclusory statement that she knew that Mr. Gunnings was literate because he filled out forms in Georgia regarding the indictment. On cross-examination, she testified that she was not present at the time the forms were filled out. Therefore, she had no personal knowledge as to how the forms were filled out or whether Mr. Gunnings was given any assistance while filling them out.

8. During the government's case-in-chief, and throughout the trial, the government failed to offer any evidence to show that on December 16, 2006, Pierre Gunnings was able to read and understand the questions presented on ATF Form 4473.[2]

9. The defense presented nine witnesses to testify that Mr. Gunnings has never been able to read.

10. His reading tutor, Mrs. Patsy Thomas, testified that she was helping Mr. Gunnings learn to read during the time of the offense. She testified that the most advanced word that Mr. Gunnings worked on during that time was the word "where". She also testified that Mr. Gunnings could not read words like "indictment", "information", or "felony".

11. The government did not present any evidence to rebut the fact that Mr. Gunnings cannot read. Again, Ms. Darrow's testimony that Mr. Gunnings was literate does not amount to rebuttal evidence because Ms. Darrow has no personal knowledge of Mr. Gunnings' reading abilities.

12. Because Mr. Gunnings cannot read, he could not have knowingly falsified information on the ATF form by answering "No" to question 11.b - "Are you under indictment or information in any court for a felony, or any other crime for which could imprison you for more than one year?"

---

[2] ATF Form 4473 is a record which a Federally licensed firearms dealer is required by federal law to keep or maintain.

13. It appears as though the jury concluded that an employee of Pawn Central, Inc. must have read the form to Mr. Gunnings; however, no evidence of that fact was elicited during trial. As such, the guilty verdict by the jury indicates that the jury made a conclusion based on evidence that was not presented during trial.

14. In deciding a post-trial Fed. R. Crim. P. 29 motion for judgment of acquittal, a district court must determine whether, viewing all the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. *See United States v. Williams*, 390 F.3d 1319 (11th Cir. 2004); *United States v. Grigsby,* 111 F.3d 806 (11th Cir. 1997).

15. Based on the testimony elicited at Mr. Gunnings' trial, a reasonable trier of fact could not find that the evidence presented established guilt beyond a reasonable doubt.

16. Pursuant to Fed. R. Crim. P. 29(c)(2), if the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal.

**WHEREFORE**, for the foregoing reasons, Pierre Marcello Gunnings respectfully requests that this Court set aside his verdict and enter an acquittal.

Dated this 19th day of May 2008.

Respectfully submitted,

s/Danielle Ward Mason
**DANIELLE WARD MASON**
FEDERAL DEFENDERS
MIDDLE DISTRICT OF ALABAMA
201 Monroe Street, Suite 407
Montgomery, AL 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
Danielle_Mason@fd.org
**ASB - 6763L75M**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kent Brunson, Esq., Assistant U. S. Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

Respectfully submitted,

s/Danielle Ward Mason
**DANIELLE WARD MASON**
FEDERAL DEFENDERS
MIDDLE DISTRICT OF ALABAMA
201 Monroe Street, Suite 407
Montgomery, AL 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
danielle_mason@fd.org
**ASB-6763L75M**