IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  3:07CR313-MHT |
| | ) | |
| PIERRE MARCELLO GUNNINGS | ) | |

RESPONSE TO MOTION FOR JUDGMENT OF ACQUITTAL

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and in response to the motion filed by the defendant herein, the following is submitted:

1.  The indictment in this case named Gunnings as the defendant and alleged that on or about December 16, 2006, Gunnings made a false statement in the attempted purchase of a firearm from a licensed dealer in firearms.  Specifically, Count 1 alleges Gunnings knowingly made a false written statement which was intended and likely to deceive Pawn Central Incorporated, a licensed dealer in firearms, as to a fact material to the lawfulness of a sale of a firearm when Gunnings represented he was not under indictment in any court for a felony when in fact he was then under indictment in Cobb Superior Court of the State of Georgia.  This count alleged a violation of Title 18, United States Code, Section 922(a)(6).  Count 2 alleged Gunnings made a false statement in violation of Title 18, United States Code, Section 924(a)(1)(a).  Count 2 alleges Gunnings knowingly made a false written statement to Pawn Central Incorporated which was licensed under the provisions of Title 18, United States Code, Chapter 44, and required to keep records with respect to information required by provisions of that statute.  Again, the false statement was Gunnings response of "no" to question 11.b which asked, "Are you under indictment or information in any court for a

felony, or any other crime, for which the judge could imprison you for more than one year, even if you received a shorter sentence including probation." Count 2 further alleged Gunnings was then under indictment in the Cobb Superior Court of the State of Georgia.

2. The trial of this case began on May 12, 2008, and concluded on May 13, 2008, with a jury verdict of guilty on Count 1 and on Count 2. Gunnings has now filed this motion to set aside the jury's verdict.

3. The test in considering a motion for judgment of acquittal is whether, viewing all evidence in the light most favorable to the Government and drawing all reasonable inferences from the evidence and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that evidence established guilt beyond a reasonable doubt. *See United States v. O'Keefe*, 825 F.2d 314 (11th Cir. 1987). *Accord, United States v. Grigsby*, 111 F.3d 806, 833 (11th Cir. 1997). Put another way, to challenge a jury's guilty verdict on the grounds of insufficiency of the evidence, it must be established that "no reasonable jury could have found Defendant guilty beyond a reasonable doubt on the evidence presented." *United States v. Ruiz*, 253 F.3d 634, 639 (11th Cir. 2001). The evidence may be sufficient even when it does not "exclude every reasonable hypothesis of innocence or [is not] wholly inconsistent with every conclusion except that of guilt," because a "jury is free to choose among reasonable constructions of the evidence." *United States v. Peters*, 403 F.3d 1263, 1268 (11th Cir. 2005).

4. Gunnings here argues that he presented nine witnesses to testify he had never been able to read and because he could not read, he could not have knowingly falsified the information on the form which asked if he was then under indictment for a felony.

5. The Court instructed the jury as to the elements of the offenses as follows: Title 18, United States Code, Section 922(a)(6):

> First: That the defendant acquired or attempted to acquire a firearm from a Federally licensed firearms dealer, as charged;
>
> Second: That in so doing the defendant knowingly made a false or fictitious statement, in writing which was intended to and likely to deceive such dealer; and
>
> Third: That the subject matter of the false statement was material to the lawfulness of the sale.

Title 18, United States Code, Section 924(a)(1)(A):

> First: That the person named as such in the indictment was a Federally licensed firearms dealer at the time the alleged offense occurred;
>
> Second: That the defendant made a false statement or representation in the firearm records the licensed firearms dealer was required by federal law to maintain; and
>
> Third: That the defendant made the false statement or representation with knowledge of the falsity.

There were no objections to the Court's charge to the jury.

6. At the trial of this case, the United States presented substantial evidence upon which a reasonable trier of the fact could conclude that the defendant committed the elements of each charged offense beyond a reasonable doubt. The government proved by witness Doug Johnson that Pawn Central was a Federally licensed firearms dealer and that as such, it was required to maintain records relating to the sale of firearms. These facts were not disputed at trial and are not raised as issues in the Motion for Judgment of Acquittal. Witness Steve Wingo testified that the defendant presented his Alabama driver's license and completed the application for the purchase of the firearm. Special Agent Will Panoke testified the application for the purchase of the firearm by the defendant

was denied because a background check revealed the defendant had been indicted for a felony in Georgia. Assistant District Attorney Bonnie Derrer from Cobb County Georgia testified she recognized the defendant and that he had been indicted in Georgia prior to the date of the application for the purchase of the firearm. Further, she testified he had made at least two court appearances prior to the date of the application. This testimony proves he knew he was under indictment when he completed the application. Again, none of these issues were disputed at trial. In fact, the defendant stipulated to his indictment in Georgia. Ms. Derrer testified it was obvious the defendant could read because of forms he completed in relation to the charges against him in Georgia. Interestingly, this response came to a question on cross examination from defense counsel. Ms. Derrer gave credible evidence that the defendant could read. This evidence established the disputed issue of whether or not the defendant knowingly submitted a false statement. While the materiality of the statement is included as an element, the court rather than the jury decided that question according to law.

7. In ruling on this motion, this Court must view the evidence in the light most favorable to the government, and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt. The prosecution need not rebut all reasonable hypotheses other than guilt. The jury is free to choose between or among the conclusions to be drawn from the evidence presented at trial, and the district court must accept all reasonable inferences and credibility determinations made by the jury. *U.S. v. Miranda*, 425 F.3d 953, 959 (11th Cir. 2005)(quoting *U.S. v. Sellers*, 871 F.2d 1019, 102)(11th Cir. 1989).

8. The jury had sufficient evidence presented to it to support their verdict finding Defendant Gunnings guilty to both Count 1 and Count 2.

Respectfully submitted this the 29th day of May, 2008.

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    /s/ Kent B. Brunson
    KENT B. BRUNSON
    Assistant United States Attorney
    Post Office Box 197
    Montgomery, Alabama 36101-0197
    334-223-7280 Phone
    334-223-7135 Fax
    E-mail: kent.brunson@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CR. NO. 3:07CR313-MHT |
| ) | |
| PIERRE MARCELLO GUNNINGS ) | |

CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Donnie W. Bethel, Esq.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Kent B. Brunson
KENT B. BRUNSON
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334-223-7280 Phone
334-223-7135 Fax
E-mail: kent.brunson@usdoj.gov