IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CR. No.: 3:07-cr-313-MHT |
| | ) | |
| PIERRE MARCELLO GUNNINGS | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
## WRITTEN MOTION FOR JUDGMENT OF ACQUITTAL

_____COMES NOW the defendant, Pierre Marcello Gunnings, by and through his undersigned

counsel, Danielle Ward Mason, in compliance with this Court's order of May 20, 2008, with this

brief in support of Mr. Gunnings' written Motion for Judgment of Acquittal. The factual allegations

set forth in the written motion filed with this Court on May 19, 2008, are hereby incorporated by

reference.[1]

## I.  STATEMENT OF THE CASE

On December 16, 2006, Pierre Marcello Gunnings attempted to purchase a firearm from

Pawn Central, Inc., in Opelika, Alabama.  Mr. Gunnings filled out the ATF form 4473 as required

by law when a person attempts to purchase a firearm.  Three days later, the ATF Brady Operations

Branch determined that Mr. Gunnings was under indictment in Cobb County, Georgia at the time

the form was filled out, which prohibited him from buying or possessing a firearm.  This agency also

---

[1] Defense counsel timely files this pleading pursuant to Fed. R. Crim. P. 29(c)(1).  As of this date, the trial transcript has not been completed and is not available for citation.  As such, undersigned counsel is using memory and notes kept from trial to substantiate the allegations. Counsel will amend this motion as necessary once the trial transcript becomes available.

concluded that Mr. Gunnings falsified ATF form 4473[2] by answering "No" to question 11.b of the form, which asked, "*Are you under indictment or information in any court for a felony, or any other crime, for which could imprison you for more than one year?*"  No firearms were sold to Mr. Gunnings on December 16, 2006.

On December 5, 2007, Mr. Gunnings was indicted on two counts.  As to count I of the indictment, the government had the burden of proving beyond a reasonable doubt that: (1) Mr. Gunnings acquired or attempted to acquire a firearm from a federally licensed firearms dealer, as charged; (2) that in so doing, Mr. Gunnings knowingly made a false or fictitious statement, in writing, which was intended to and likely to deceive such dealer; and (3) that the subject matter of the false statement was material to the lawfulness of the sale.  As to count II of the indictment, the government also had to prove that (1) the person named as such in the indictment was a federally licensed firearms dealer at the time the alleged offense occurred; (2) that Mr. Gunnings made a false statement or representation in the firearm records the licensed firearms dealer was required by federal law to maintain; and (3) that Mr. Gunnings made the false statement or representation with knowledge of its falsity.

Mr. Gunnings' trial began on May 12, 2008.  After the government rested its case-in-chief, counsel for Mr. Gunnings made an oral motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure.  The motion was denied. (*See* Docket Report.)  The defense then presented nine witnesses who testified that Mr. Gunnings cannot read.  His reading tutor, Mrs. Patsy Thomas, testified that she was tutoring Mr. Gunnings in December 2006 and that he could not

---

[2] ATF form 4473 is the record which a federally licensed firearms dealer is required by federal law to keep or maintain.

read at the time he attempted the purchase of the firearm. After the defense rested, counsel renewed the oral motion for judgment of acquittal. The motion was again denied. (*See* Docket Report.) On May 13, 2008, the jury found Mr. Gunnings guilty on both counts.

## II.  STANDARD OF REVIEW

Pursuant to Federal Rule of Criminal Procedure, 29(c) a post-verdict motion for judgment of acquittal may be made or renewed within seven days after the jury is discharged or within such further time as the court may fix during the seven-day period. FED. R. CRIM. P. 29(c). In considering a motion for judgment of acquittal under Rule 29(c), a district court must ascertain whether the evidence presented at trial was sufficient to sustain a conviction such that a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *See United States v. Ward,* 197 F.3d 1076, 1079 (11th Cir. 1999) *(citing United States v. Sellers*, 871 F.2d 1019, 1021 (11th Cir. 1989)).

The district court must view the evidence in the light most favorable to the government. *See Ward,* 197 F.3d at 1079, (*citing Glasser v. United States,* 315 U.S. 60, 80 (1942), *superseded on other grounds, Bourjaily v. United States,* 483 U.S. 171 (1987)). "It is not necessary for the evidence to exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *Ward,* 197 F.3d at 1079 (*citing Sellers,* 871 F.2d at 1021). The motion must be granted when the evidence, viewed in the light most favorable to the government, is so scant that the jury could only speculate as to the defendant's guilt . . . and is such that a reasonably-minded jury must have a reasonable doubt as to the defendant's guilt. *See United States v. Keller,* 916 F.2d 628 (11th Cir. 1990).

## III.  ARGUMENT

**A.      Mr. Gunnings is entitled to a judgment of acquittal because the evidence was insufficient to establish Mr. Gunnings' guilt beyond a reasonable doubt.**

Both counts of the indictment required the government to prove beyond a reasonable doubt that Mr. Gunnings knowingly falsified ATF form 4473.  As defined in the jury instructions, the word "knowingly" requires that the act was done voluntarily and intentionally, and not because of mistake or accident.  (Doc #44.)

**1.      The government did not establish beyond a reasonable doubt that Mr. Gunnings' act was done voluntarily and intentionally**.

Due process commands that no person will lose his or her liberty unless the government has borne the burden of convincing the factfinder of the accused's guilt.  *See In re Winship*, 397 U.S. 358 (1970). The government must prove each material element of the offense charged to warrant a finding of guilt, including the accused's culpable mental state or specific intent.  *See Morrissette v. United States*, 342 U.S. 246 (1952).  Here, the government did not prove Mr. Gunnings' culpable mental state or specific intent, that is, that he knowingly falsified ATF form 4473 with the intent to deceive Pawn Central, Inc.

The government offered the testimony of ATF Agent William Panoke, who testified that he was not present at Pawn Central, Inc., during the transaction on December 16, 2006.  He testified that more than three months after the transaction, he contacted Mr. Gunnings by phone and advised him that he was investigating the attempted purchase of a firearm on December 16, 2006.  During that conversation, he stated that Mr. Gunnings said that he did not know he was under indictment.

4

Thus, Mr. Gunnings' statement did not establish beyond a reasonable doubt that on December 16, 2006, Mr. Gunnings knew he was making an inaccurate statement or that he intended to do so when he answered "No" to question 11.b on ATF form 4473.

The government offered the testimony of Mr. Doug Johnson, owner and manager of Pawn Central, Inc. Mr. Johnson admitted during trial that he had no memory of Mr. Gunnings or of the particular transaction, and that he did not personally assist Mr. Gunnings with the attempted sale of a firearm. Mr. Johnson's testimony satisfied one of the elements of the indictment, which was to establish that Pawn Central, Inc., is a federally licensed firearms dealer. Because he did not remember Mr. Gunnings, or the transaction itself, and because he had no personal knowledge of whether Mr. Gunnings was currently under indictment, Mr. Johnson's testimony did not establish that Mr. Gunnings knowingly and intentionally falsified the form.

The government also offered the testimony of Mr. Steve Wingo, the employee who apparently assisted Mr. Gunnings during the transaction. Mr. Wingo did not recall the transaction and only knew that he assisted with the transaction because he recognized his own handwriting on the form. Thus, Mr. Wingo's testimony did not establish that Mr. Gunnings had knowingly and intentionally falsified the form. Although Mr. Wingo testified as to what he typically does during a sale and stated that he does not assist customers with filling out the form, the credibility of this testimony must be evaluated in light of the fact that during cross-examination of ATF Agent William Panoke, Agent Panoke acknowledged that it is a federal offense for sales associates to assist customers while they fill out the form.

Assistant District Attorney Bonnie Derrer from Cobb County, Georgia, testified that Mr. Gunnings was under indictment in Georgia at the time he filled out the ATF form in December 2006.

5

During her testimony, she opined that Mr. Gunnings was literate because he filled out forms in Georgia regarding the indictment. On cross-examination, however, she acknowledged that she was not present at the time the forms were filled out. Therefore, she had no personal knowledge as to how the forms were filled out or whether Mr. Gunnings was given any assistance while filling them out. Furthermore, Ms. Derrer was not present at Pawn Central, Inc., on December 16, 2006, and thus has no personal knowledge of the transaction in question. Her testimony established that Mr. Gunnings was under indictment, but the parties had already stipulated to that fact. (Doc. #43.) Her testimony thus did not establish that Mr. Gunnings knowingly and intentionally falsified the ATF form.

Thus no evidence presented by the government proved that Mr. Gunnings knowingly and intentionally falsified the ATF form. Mr. Gunnings is therefore entitled to judgment of acquittal as a matter of law.

> **2.    The government did not establish beyond a reasonable doubt that Mr. Gunnings acted knowingly in providing false information.**

In *United States v. Ward,* 197 F.3d 1076 (11th Cir. 1999), the defendant was indicted on six counts: four counts of bankruptcy fraud for making false statements under oath on his bankruptcy petition, one count of concealing assets, and one count of money laundering in connection with certain concealed assets. *See Ward*, 197 F.3d at 1078. Ward moved for a judgment of acquittal pursuant to Rule 29(c) of Federal Rules of Criminal Procedure. The district court denied the motion as to counts I, II, and III of the indictment and granted it as to counts IV, V and VI. *Id.* at 1078-79. Count IV alleged that Ward made a false oath on schedule I of his bankruptcy form by stating that he sold his business, Action Industry, in 1992. The Eleventh Circuit upheld the district court's ruling

6

granting the motion for acquittal because there was insufficient evidence upon which a reasonable jury could rely to find Ward guilty beyond a reasonable doubt. *Id.* at 1080.

The government's theory in the *Ward* case was that the sale was a sham and did not occur. *Id.* In support of its theory, the government stated that Ward had made inconsistent statements about who he sold the business to and that there was no evidence of the sale. *Id.* at 1080-81. However, the government failed to prove that the sale did not occur. Ward presented a bill of sale evidencing the fact that he lawfully sold the business. *Id.* at 1081. Therefore, the motion for acquittal was granted. *Id.*

Here, as in *Ward*, the government presented testimony implying that Mr. Gunnings had apparently filled out the form. However, the government failed to prove that Mr. Gunnings in fact completed the form, or that he knew what was on the form, or that he knowingly and intentionally falsified any answer on the form. The theory of the government's case was that Mr. Gunnings knew that he was under indictment and that he purposefully answered "No" on the form to question 11.b. However, the government presented no evidence that Mr. Gunnings could read and understand the form.

Mr. Gunnings presented overwhelming evidence at trial that he cannot read. The defense presented nine witnesses who testified that Mr. Gunnings cannot read. This testimony covered his early childhood into his adult life, even to the time of the offense. Ms. Patsy Thomas, his reading tutor, indicated that Mr. Gunnings can understand words like "indictment" if he hears them, but that he cannot read and understand poly-syllabic words. The government did not present any evidence in contradiction.

In order for the government to have *proved* its case in light of the fact that Mr. Gunnings

cannot read, it must have established through rebuttal testimony that someone at the pawn shop orally read the form to Mr. Gunnings so that he could hear the words. No such testimony was presented at trial. In fact, it would have been detrimental to the pawn shop employee to give such testimony as it is against the law for him to assist customers with the form. (*See* testimony of ATF Agent William Panoke.)

Because the government did not prove the "knowing" element of counts I and II, there was insufficient evidence to sustain the conviction. As a result, the motion for judgment of acquittal must be granted.

> **B.     The fact that Mr. Gunnings cannot read supplied real doubt as to whether he knowingly falsified ATF form 4473 and renders his response to question 11.b a mistake or accident.**

The defense presented four family members, a family friend, an Army collegue, an ex-girlfriend and two of his teachers, all of whom testified that Mr. Gunnings cannot read. The family members, who included his grandmother, his aunt, his brother, and his cousin, testified that they knew from early on in Mr. Gunnings' life that he could not read. His high school teacher, Mr. Scott Fowler, testified that Mr. Gunnings was placed in an Occupational Diploma program which mainly focused on learning life skills that would help him cope with the world. He stated that Mr. Gunnings was ashamed and embarrassed about not being able to read and that he tried to hide it from people as much as possible. When shown the ATF form that Mr. Gunnings filled out, Mr. Fowler stated that Mr. Gunnings could not have been able to read and understand words like "felony," "indictment" or "information." Mrs. Patsy Thomas, a literacy tutor with the Lee County Literacy Coalition, testified that she had been working with Mr. Gunnings from approximately March 2006

to December 2006, and that he was still unable to read. During the time she tutored him, little progress had been made, but she stated that Mr. Gunnings was very eager and punctual and that she tutored him as often as he wanted. When she was shown the ATF form, Mrs. Thomas stated that Mr. Gunnings could not read and understand words like "felony," "information" or "indictment." When asked whether or not Mr. Gunnings could write his personal information without knowing how to read, both Mr. Fowler and Mrs. Thomas stated that he had learned over the years through repetition to recognize words like "Name" and "Address" and that he would be able to complete those sections with little difficulty.

Mr. William Gunnings, the brother of Pierre Gunnings, testified at great risk to himself that he knew that his brother could not read and that he wanted to help him gain respectable employment where he would learn a useable skill. After Mr. Gunnings twice failed the ASFAB test to gain entrance into the Army, William Gunnings used his brother Pierre's social security card to take the test for him. Pierre Gunnings was then admitted into the Army. Mr. Eric Goudie, friend and Army collegue, testified that he was stationed with Mr. Gunnings in Iraq and that their duties, though dangerous and difficult, required no reading at all.

After hearing such testimony, it was unreasonable for the jury to have found guilt beyond a reasonable doubt. The jury instructions defined reasonable doubt as "a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case." (Doc. #44.) Jurors must decide the facts in accordance with the rules of law stated in instructions of court. *See Pope v. United States*, 298 F.2d 507 (5th Cir. 1962)[3]. After careful and impartial consideration

---

[3] All decisions rendered by the former Fifth Circuit prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

of all the testimony, especially of the testimony establishing Mr. Gunnings' inability to read, a real doubt existed regarding whether Mr. Gunnings knowingly falsified the ATF form. The doubt is particularly strong given the fact that the government did not establish any alternative way in which Mr. Gunnings could have understood the questions on the form.

Without sufficient proof, and even when viewing the evidence in the light most favorable to the government, Mr. Gunnings' act should have reasonably been viewed as a mistake or accident. Furthermore, without the necessary proof, the jury must have made its conclusion based on facts not supported by the evidence presented at trial. *See Cameron v. Hauck*, 383 F.2d 966 (5th Cir. 1967) (deciding the facts is the jury's province, and jury system is founded upon the notion that juries decide facts in accordance with the evidence); *see also United States v. Keller*, 916 F.2d 628 (11th Cir. 1990) (the motion must be granted when the evidence, viewed in the light most favorable to the government, is so scant that the jury could only speculate as to the defendant's guilt . . . and is such that a reasonably-minded jury must have a reasonable doubt as to the defendant's guilt.). Therefore, the motion for acquittal should be granted.

### IV.  CONCLUSION

Based upon the *Ward* opinion, and the plain language of Rule 29(c) of the Federal Rules of Criminal Procedure, this Court has the authority to set aside this conviction.

**WHEREFORE**, based on the reasons set forth above, Mr. Gunnings' Motion for Judgment of Acquittal is due to be granted.

Dated this 30th day of May 2008.

Respectfully submitted,

s/Danielle Ward Mason

DANIELLE WARD MASON
FEDERAL DEFENDERS
MIDDLE DISTRICT OF ALABAMA
201 Monroe Street, Suite 407
Montgomery, AL 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
Danielle_Mason@fd.org
ASB 6763L75M

11

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **CR. No.: 3:07-cr-313-MHT** |
| | ) | |
| **PIERRE MARCELLO GUNNINGS** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:  Kent Brunson, Esq., Assistant U.S. Attorney.

Respectfully submitted,

s/Danielle Ward Mason
**DANIELLE WARD MASON**
FEDERAL DEFENDERS
MIDDLE DISTRICT OF ALABAMA
201 Monroe Street, Suite 407
Montgomery, AL 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
Danielle_Mason@fd.org
**ASB 6763L75M**