IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

**UNITED STATES OF AMERICA** )
)
v. ) CRIMINAL ACTION NO.
) 3:07cr313-MHT
**PIERRE MARCELLO GUNNINGS** ) (WO)

## ORDER

It is ORDERED that defendant Pierre Marcello Gunnings's motion for judgment of acquittal (Doc. No. 50) is denied.

The question presented to the court is, in essence, whether the evidence, direct or circumstantial, is sufficient to support the conclusion that, while Gunnings admittedly signed the gun application, he knew what was on the application. The evidence reflects that, though Gunnings is substantially illiterate, he is a conscientious and intelligent person who coped extremely well by having others, including family members and friends, read and explain documents to him, rather than signing the documents blindly and without knowledge of their content. In addition, the evidence reflects that

the pawn shop employees, while prohibited from answering questions on applications, did often assist applicants by reading and explaining questions to them.

The jury could therefore conclude from this circumstantial evidence that, being a reasonable and intelligent person, Gunnings would not have done something so important as completing the application for the gun without learning (by the means he typically used to cope) what was on it first. Indeed, and more specifically, the evidence cogently reflects that Gunnings exhibited even meticulous awareness of the gun application's contents, whether that awareness was gained alone or with assistance: A pawnshop employee testified that Gunnings crossed out the answer "No" to an inapplicable question and replaced his answer with "N.A." and his initials. Gunnings's action reflects not that of someone who was unaware of the gun application's content and who blindly signed it, but rather that of someone who carefully signed the application with full knowledge and understanding of its content.

In conclusion, the court holds that the circumstantial evidence was most ample to support the jury's conclusion that, while Gunnings is substantially illiterate, he cannot, under the circumstances presented in this case, use his illiteracy to escape responsibility for his illegal action. Cf. United States v. Heath, 536 F.2d 1069, 1070 (5th Cir. 1976) ("Defendant's illiteracy does not preclude his understanding of the questions which were read aloud to him."); United States v. Fauntleroy, 488 F.2d 79, 80 (4th Cir. 1973) (rejecting argument that defendant's uncontested illiteracy precluded finding of intent to knowingly make false statement); United States v. Brown, 458 F.2d 375, 376 (6th Cir. 1972) (finding conflicting testimony as to whether defendant was asked questions while filling out the form to be a "determination of credibility ... within the province of the jury").

DONE, this the 7th day of July, 2008.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**